UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREVIN D. JONES, | No. 2:21-cv-0403 TLN DB P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| PAUL THOMPSON, | (ECF Nos. 2, 9) |
| Respondent. | |

    Petitioner Trevin D. Jones is a federal prisoner proceeding without counsel with a petition for a writ of habeas corpus under 28 U.S.C. § 2241. (ECF No. 1.) Petitioner claims he is entitled to relief under the First Step Act of 2018 in the form of additional credits and, as a result, immediate transfer to pre-release custody. Petitioner has also filed a motion for preliminary injunction seeking the same relief. (ECF No. 2.)

    Respondent has filed a motion to dismiss. (ECF No. 9.) Respondent asserts the petition should be dismissed on grounds that the court lacks jurisdiction to compel a discretionary act, petitioner failed to exhaust administrative remedies, the petition fails to present an actual case or controversy, and the petition fails to state a claim. Petitioner has opposed the motion to dismiss. (ECF No. 12). Having considered the parties' arguments and applicable law, the undersigned recommends the court grant the motion to dismiss on grounds that petitioner has not exhausted

available administrative remedies, and the request for relief is premature, and dismiss the petition accordingly.

## I. Legal Standards

A district court may grant habeas relief to a federal prisoner who is in custody in violation of federal law. See 28 U.S.C. § 2241. A petition challenging the manner, location, or conditions of a sentence's execution is brought under section 2241 in the custodial court. See Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000). The United States Bureau of Prisons' ("BOP") calculation of sentencing credit is an issue pertaining to the execution of a sentence which a habeas petitioner may challenge through such a petition. See Zavala v. Ives, 785 F.3d 367, 370 n.3 (9th Cir. 2015); United States v. Giddings, 740 F.2d 770, 772 (9th Cir. 1984).

No specific habeas rule applies to motions to dismiss. See Hillery v. Pulley, 533 F. Supp. 1189, 1194 (E.D. Cal. 1982) ("Motion practice in habeas corpus is not specifically provided for in the rules but must be inferred from their structure and the Advisory Committee Notes."). The Court of Appeals for the Ninth Circuit construes a motion to dismiss a habeas petition brought under 28 U.S.C. § 2254 as a request to dismiss under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. See O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990). Courts in this district have, in turn, applied the Rule 4 framework to a motion to dismiss a habeas petition brought under 28 U.S.C. § 2241. E.g., Battle v. Holbrook, No. 2:20-cv-01851-JAM-JDP, 2021 WL 4132336, at *1 (E.D. Cal. Sept. 10, 2021). Under Rule 4, the court evaluates whether it "plainly appears" the petitioner is not entitled to relief and, if so, recommends dismissal of the petition. See Rule 4 of the Rules Governing Section 2254 Cases.

In ruling on a motion to dismiss, the court "accept[s] the factual allegations in the [petition] as true and construe[s] the pleadings in the light most favorable to the non-moving party." Fayer v. Vaughn, 649 F.3d 1061, 1064 (9th Cir. 2011) (quoting Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1030 (9th Cir. 2008)). In general, exhibits attached to a pleading are "part of the pleading for all purposes." Hartmann v. Cal. Dept. of Corr. and Rehab., 707 F.3d 1114, 1124 (9th Cir. 2013) (quoting Fed. R. Civ. P. 10(c)).

////

## II. Exhaustion

Under the doctrine of exhaustion, "no one is entitled to judicial relief for a supposed or threatened injury until the prescribed... remedy has been exhausted." McKart v. United States, 395 U.S. 185, 193 (1969) (citation and internal quotation marks omitted). Exhaustion can be either statutorily or judicially required. Laing v. Ashcroft, 370 F.3d 994, 997-98 (9th Cir. 2004).

Title 28 U.S.C. § 2241 does not contain an exhaustion requirement, and thus, exhaustion is not a jurisdictional prerequisite. Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990). For prudential reasons, however, federal courts require section 2241 petitioners to exhaust their administrative remedies prior to seeking habeas relief. Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012); see also Singh v. Napolitano, 649 F.3d 899, 900 (9th Cir. 2011). Requiring a petitioner to exhaust administrative remedies (1) aids judicial review "by allowing the appropriate development of a factual record in an expert forum," (2) conserves "the court's time because of the possibility that the relief applied for may be granted at the administrative level," and (3) allows "the administrative agency an opportunity to correct errors occurring in the course of administrative proceedings." Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983) (per curiam). Dismissal is appropriate when a federal prisoner has not exhausted the administrative remedies made available by the BOP. Martinez v. Roberts, 804 F.3d 570, 571 (9th Cir. 1986) (per curiam).

Courts have discretion to waive the exhaustion requirement when administrative remedies are inadequate, when their exercise would be futile, or when irreparable injury would result without immediate judicial intervention. See, e.g., Ward, 678 F.3d at 1045; Laing, 370 F.3d at 1000. "[C]ourts have discretion to waive the exhaustion requirement when prudentially required [but] this discretion is not unfettered." Laing, 370 F.3d at 998; see also Murillo v. Mathews, 588 F.2d 759, 762, n.8 (9th Cir. 1978) ("Although the '[a]pplication of the rule requiring exhaustion is not jurisdictional, but calls for the sound exercise of judicial discretion,' it is not lightly to be disregarded.") (citation omitted). A "key consideration" is whether "'relaxation of the requirement would encourage the deliberate bypass of the administrative scheme.'" Laing, 370 F.3d at 1000 (citation omitted).

////

Here, petitioner does not claim to have completed the administrative review process with respect to his present habeas claims. Respondent asserts petitioner filed an Administrative Remedy Appeal at the institutional level, namely Administrative Remedy 1058863-Fl, and at the Regional level, namely Administrative Remedy 1058863-Rl, but has not filed an appeal at the next and final required level, to General Counsel in the Central Office of the BOP, and thus that petitioner has failed to exhaust available administrative remedies with respect to the issues raised in the petition. (ECF No. 9-1 at 2-3.) Petitioner asks the court to exercise discretion to waive the exhaustion requirement because the petition challenges an established BOP policy, such that exhaustion would be futile, and because the claim turns on a question of statutory construction. (ECF No. 1 at 2.)

However, this case does not involve solely a dispute of statutory construction. As set forth below, petitioner makes factual assertions as to his claimed participation in activities for which he earned time credits and the amount of earned time credits he thereby accrued (see ECF No. 1 at 19-20), but, as discussed below, the record before the court is inadequate to allow the court to resolve such factual issues. Thus, prudential concerns weigh against excusing compliance with the exhaustion requirement. See Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir. 1984) (affirming district court's refusal – due to lack of administrative exhaustion – to consider habeas petition based on failure to accord credit for time served when there were factual disputes about the prior time served and the failure to exhaust rendered the record inadequate for judicial review). Other district courts in this circuit to consider the exhaustion issue as it applies to similar claims for earned time credits under the First Step Act have declined to waive exhaustion. See, e.g., Lister v. Gatt, No. 5:21-cv-0957-VBF-GJS, 2021 WL 4306316, at *6 (C.D. Cal. Sept. 22, 2021); Phares v. Bradley, No. 2:20-cv-10715-GWG-JS, 2021 WL 3578674, at *8 (C.D. Cal. Apr. 22, 2021).

In addition, to the extent petitioner was on notice of the exhaustion requirement before he filed the petition, waiving the exhaustion requirement could encourage deliberate bypass of the administrative remedy scheme within the meaning of Laing's caveat. Exhaustion would allow the BOP the opportunity to grant the relief sought, if warranted, but even if no relief were

4

forthcoming, exhaustion would allow the BOP to explain why not. See Woodford v. Ngo, 548 U.S. 81, 93 (2006).

Finally, the assessment of whether a prisoner's programming qualifies for earned time credit status under the First Step Act and, if so, to what extent, as well as how it affects the sentence, falls particularly within the BOP's expertise.  This assessment should be undertaken by the agency before a federal court is asked to make such assessment and calculations on an undeveloped record. Thus, this is a situation in which the administrative exhaustion requirement should not be waived. Petitioner's failure to exhaust warrants dismissal.

## III. The Petition is Premature

Even if petitioner had exhausted his administrative remedies, the petition should still be dismissed because it is premature. The First Step Act provisions at issue do not go into effect until January 15, 2022. District courts in the Ninth Circuit have concluded such petitions as the present petition are premature and unripe. See, e.g., Khouanmany v. Gutierrez, No. 5:21-cv-0989-JFW-JDE, 2021 WL 4394591, at *3, report and recommendation adopted, 2021 WL 4391207 (C.D. Cal., Sep. 24, 2021); Matecki v. Thompson, No. 2:21-cv-0268-WBS-DMC, 2021 WL 2457691, at *3, report and recommendation adopted, 2021 WL 3206571 (E.D. Cal. July 29, 2021); Hand v. Barr, No. 1:20-cv-00348, 2021 WL 392445-AWI-SAB, at *5, report and recommendation adopted, 2021 WL 1853295 (E.D. Cal. May 10, 2021). The undersigned makes the same finding in regard to the present petition.

A federal inmate can hasten his release from prison by earning what is known as "good time" or "good time credit" through "exemplary compliance with institutional disciplinary regulations." See 18 U.S.C. § 3624(a)-(b). The First Step Act of 2018 (hereinafter "FSA"), Pub. L. 115-391, 132 Stat. 5194 (Dec. 21, 2018), reformed various aspects of the operation of federal prisons and, relevant here, mandated the creation a system of "earned time credits" distinct from the good time credit system. Under the earned time credit system, an eligible prisoner may earn credits toward early release when he or she "successfully completes evidence-based recidivism reduction programming or productive activities." 18 U.S.C. § 3632(d)(4)(A).

////

As part of the FSA, Congress directed BOP to, within 210 days of the FSA's enactment, develop and then publicly release a "risk and needs assessment" to "review each prisoner's recidivism risk level, award earned time credit as an incentive for participation in recidivism reduction programming, and determine when a prisoner is ready to transfer into prerelease custody or supervised release in accordance with section 3624." Bottinelli v. Salazar, 929 F.3d 1196, 1197-98 (9th Cir. 2019) (internal citation omitted); 18 U.S.C. § 3621(h)(2)(A)-(B). Congress further directed BOP to "complete the initial intake risk and needs assessment for each prisoner" by 180 days later. 18 U.S.C. § 3621(h)(1)(A).

Petitioner's full-term release date is August 6, 2022 and his "projected" release date is January 12, 2022. (ECF No. 9 at 2.) The parties agree petitioner is eligible to earn and apply for earned time credits. (ECF No. 1 at 20; ECF No. 9-1 at 8.) Petitioner alleges he has participated in activities to earn time credits at FCI-Herlong based on his case manager's assurance that he was earning time credits for these activities. (ECF No. 1 at 19.) Petitioner alleges he has earned 12.5 months of earned time credits. (Id. at 7.) Petitioner alleges he qualifies for sufficient earned time credits under the FSA to warrant immediate release to home confinement, halfway house or supervised release. (Id. at 3, 10.) Respondent asserts, in contrast, that in January of 2022, if petitioner has met other criteria for eligibility, he will then be eligible to have earned time credits under the FSA applied towards discretionary pre-release custody. (ECF No. 9 at 2.)

The undersigned concludes, consistent with most district courts to consider the issue, that the petition is premature and unripe.[1] Federal courts are limited to deciding "cases" and "controversies." U.S. CONST. art. III, § 2. One component of the "case or controversy" requirement is that a claim must be ripe for review. Bova v. City of Medford, 564 F.3d 1093, 1095-96 (9th Cir. 2009). "[R]ipeness addresses when litigation may occur[,]" Lee v. Oregon, 107 F.3d 1382, 1387 (9th Cir. 1997), and is "designed to 'prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements,'" Thomas v.

---

[1] Because the undersigned finds the exhaustion and ripeness issues to be dispositive, the undersigned declines to address respondent's alternative arguments that the petition fails to state a claim and that the court lacks jurisdiction to compel the BOP to take discretionary action.

Anchorage Equal Rights Comm'n, 220 F.3d 1134, 1138 (9th Cir. 2000) (en banc) (citation omitted).

Although petitioner states he has been earning time credits since the FSA was enacted on December 21, 2018, review of the legislation shows that the First Step Act allows BOP to phase in and gradually implement the earned time credits system. See 18 U.S.C. § 3621(h)(2)(A). Specifically, the Act requires BOP to provide evidence-based recidivism reduction activities for all prisoners before the two-year anniversary of the date that BOP completes a risk and needs assessment for each prisoner—namely, by January 15, 2022. Id. The statute requires during the phase-in period that BOP "develop and validate the risk and needs assessment tool to be used in the reassessments of risk of recidivism, while prisoners are participating in and completing evidence-based recidivism programs and productive activities." Id. § 3621(h)(2)(B). But the statute does not explicitly require BOP to begin awarding earned time credits during the phase-in period. Instead, it provides, in pertinent part:

> (3) Priority during phase-in.--During the 2-year period described in paragraph (2)(A), the priority for such programs and activities shall be accorded based on a prisoner's proximity to release date.
>
> (4) Preliminary expansion of evidence-based recidivism reduction programs and authority to use incentives.--Beginning on the date of enactment of this subsection, the Bureau of Prisons *may begin* to expand any evidence-based recidivism reduction programs and productive activities that exist at a prison as of such date, and *may* offer to prisoners who successfully participate in such programs and activities the incentives and rewards described in subchapter D.

18 U.S.C.A. § 3621 (emphasis added).

As set forth in the petition, in Goodman v. Ortiz, No. 20-7582 (RMB), 2020 WL 5015613 (D. N.J. Aug. 25, 2020), a New Jersey District Court found the plain language quoted above contemplated that prisoners would earn and receive the benefits of earned time credits during the two-year "phase-in" period. In Goodman, the petitioner asserted—and the respondent did not dispute—that all of the earned credits claimed by petitioner had been earned after passage of the FSA, were properly counted toward FSA earned credits, and that petitioner had successfully completed the programs. Id., 2020 WL 5015613, at *2. The BOP opposed the petition on the ground that Congress had granted it until January 15, 2022, to phase in the FSA program. Id. at

7

\*1. BOP argued that, even though the petitioner was entitled to the earned credits, and even though crediting petitioner with the earned FSA credits would result in his immediate release, the BOP nevertheless did not have to release him until January 15, 2022. Id. at \*1, 3-6. The district court in Goodman granted habeas relief, indicating it would direct the BOP to immediately apply the 120 days of earned time credits the petitioner alleged he had accrued. Id., 2020 WL 5015613, at \*5-6.

Unlike in Goodman, in this case respondent asserts that because BOP has not completed its phase-in, the precise calculations for petitioner and amount of credits he can apply, as well as their precise application, are speculative. (ECF No. 9-1 at 8.) Moreover, as Goodman is persuasive and not precedential authority, this court is not bound to follow the decision. Most district courts to consider this issue of statutory construction have concluded BOP is not yet required to award earned time credits, and thus that section 2241 petitions seeking the award of such credits are premature and unripe at this time. See, e.g., Diaz v. FCI-Ray Brook, No. 9:21-cv-0738, 2021 WL 3032694, at \*2 (N.D.N.Y. July 19, 2021); Matecki v. Thompson, No. 2:21-cv-0268, 2021 WL 2457691, at \*3 (E.D. Cal. June 16, 2021), report and recommendation adopted, 2021 WL 3206571, at \*1 (E.D. Cal. July 29, 2021); Holt v. Warden; No. 4:20-cv-4064, 2021 WL 1925503, at \*5 (D.S.D. May 13, 2021); Cohen v. United States, No. 20-cv-10833, 2021 WL 1549917 at \*3 (S.D.N.Y. April 20, 2021); Fleming v. Joseph, No. 3:20-cv-5990, 2021 WL 1669361, at \*4-5; Kennedy-Robey v. FCI Pekin, No. 20-cv-1371, 2021 WL 797516, at \*3-4 (C.D. Ill. Mar. 2, 2021); Hand v. Barr, No. 1:20-cv-00348, 2021 WL 392445, at \*5, report and recommendation adopted, 2021 WL 1853295 (E.D. Cal. May 10, 2021); Llewlyn v. Johns, No. 5:20-CV-77, 2021 WL 535863, at \*2 (S.D. Ga. Jan. 5, 2021), report and recommendation adopted, 2021 WL 307289 (S.D. Ga. Jan. 29, 2021).

While the FSA mandated giving prisoners with impending release dates priority in participating in the programs and activities to earn these time credits, at this juncture the court has no way of knowing exactly how the BOP will actually calculate petitioner's earned time credits. Therefore, the issue before the court is an abstract disagreement not ripe for adjudication because

////

it hinges "upon contingent future events that may not occur as anticipated[.]" <u>United States v. Streich</u>, 560 F.3d 926, 931 (9th Cir. 2009).

BOP is not yet required to provide earned time credits. Thus, there is no current basis for this court to conclude that the failure to provide such credits during the phase-in period is a violation of the FSA. The undersigned recommends the court dismiss the habeas petition without prejudice as premature and unripe.

In accordance with the above, IT IS RECOMMENDED:

1. Petitioner's motion for preliminary injunction (ECF No. 2) be DENIED;
2. Respondent's motion to dismiss (ECF No. 9) be GRANTED;
3. The petition for writ of habeas corpus under 28 U.S.C. § 2241 be dismissed without prejudice; and
4. The Clerk of the Court be directed to close this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within seven (7) days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 17, 2021

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB7
jone0403.mtd

9